IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ORLANDO VALOY,

                Plaintiff,

v.                                        OPINION and ORDER

FEDERAL BUREAU OF PRISONS,           25-cv-475-jdp

                Defendant.

---

Plaintiff Orlando Valoy, proceeding without counsel, is an inmate at the Federal Correctional Institution in Oxford, Wisconsin. Valoy alleges that when he was incarcerated at another prison, he was injured when a food cart ran over his foot. Valoy has made an initial partial payment of the filing fee as directed by this court. *See* Dkt. 5.

The next step is for me to screen Valoy's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Valoy's allegations do not state a claim for relief, but I will give him a chance to file an amended complaint to better explain his claims.

ANALYSIS

Valoy's allegations are very brief: he states that when he was at FCI-Lewisburg, he and another inmate were moving food cards in a single-file formation, and the cart behind him rolled over his foot, fracturing it.

Valoy states that he wishes to bring claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), in which the Supreme Court recognized an "implied" damages remedy against federal officers for certain constitutional violations. But the Court has tightly restricted the scope of *Bivens*, holding that it applies in only three contexts: Fourth Amendment claims for unreasonable search and seizure, Fifth Amendment claims for sex discrimination, and Eighth Amendment claims for failing to provide adequate medical care. *See Sargeant v. Barfield*, 87 F.4th 358, 363 (7th Cir. 2023). Valoy doesn't bring any of these types of claims, nor does he name individual federal employees as defendants. So he cannot proceed under *Bivens*.

The Federal Tort Claims Act (FTCA) authorizes claims against the United States for certain wrongful conduct by federal employees who violate state tort law. 28 U.S.C. § 1346(b)(1). But Werling has not asserted a claim under the FTCA, he doesn't allege any wrongdoing by a federal employee, and he does not allege that he has complied with the procedure in 28 C.F.R. § 14.2 for presenting an FTCA claim to the BOP before filing this lawsuit. So he can't proceed on this type of claim either.

But because the court of appeals has cautioned against dismissing an unrepresented plaintiff's case without giving the plaintiff a chance to amend the complaint, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), I will give Valoy a chance to submit an amended complaint addressing these problems. In doing so he will need to identify who he wishes to sue

as a defendant, name those parties in the caption of his complaint, and explain what they did or didn't do that violated his rights.

If Valoy fails to submit an amended complaint by the deadline set below, I will dismiss the case.

## ORDER

IT IS ORDERED that plaintiff Orlando Valoy may have until November 17, 2025, to submit an amended complaint as directed in the opinion above.

Entered October 27, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge